## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 26-20860-CIV-CANNON

**MARIO R. PULIDO GONZALEZ**,

      Petitioner,

v.

**WARDEN, KROME NORTH SERVICE
PROCESSING CENTER**

      Respondent.

_____/

### <u>ORDER DENYING MOTIONS</u>

**THIS CAUSE** comes before the Court upon the following Motions filed by *pro se* Petitioner Mario R. Pulido Gonzalez: (1) Emergency Motion for Temporary Restraining Order [ECF No. 5]; (2) Motion for Immediate Release [ECF No. 6]; and (3) Motion to Expedite [ECF No. 7] (collectively, the "Motions"). Upon review of the Motions and the record, and fully advised in the premises, the Motions are **DENIED**.

### LEGAL STANDARDS

A party "seeking injunctive relief to prevent future injury must establish standing by demonstrating that, if unchecked by the litigation, the defendant's allegedly wrongful behavior will likely occur or continue, and that the threatened injury is certainly impending." *Cambridge Christian Sch., Inc. v. Fla. High School Athletic Assoc., Inc.*, 115 F.4th 1266, 1281 (11th Cir. 2024) (quoting *Friends of the Earth, Inc. v. Laidlaw Env. Servs., Inc.*, 528 U.S. 167, 190 (2000)) (internal quotation marks omitted). To be entitled to "temporary restraining or preliminary injunctive relief," a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury

outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citations omitted). A movant must "clearly established the burden of persuasion as to the four requisites." *Callahan v. U.S. Dep't of Health & Human Servs. et al.*, 939 F.3d 1251, 1257 (11th Cir. 2019) (citation omitted). Further, if the opposing party is not provided notice of a motion requesting a temporary restraining order, the movant must *also* (1) allege "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys and thus are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But *pro se* parties, like all parties, are required to abide by the Local Rules, the Federal Rules of Civil Procedure, and court orders. *See Roy v. Ivy*, 53 F.4th 1338, 1346 (11th Cir. 2022); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## DISCUSSION

Petitioner's Motions are procedurally and substantively deficient.

First, Petitioner fails to certify "in writing any efforts made to give notice [to Respondents] and the reasons why [notice] should not be required" before this Court grants the relief he seeks. Fed. R. Civ. P. 65(b)(1)(B). For this reason alone, Petitioner's request for temporary injunctive relief is due to be denied.[1]

---

[1] Local Rule 7.1(d) also requires any motion seeking emergency or expedited relief to state in detail "the date by which" a ruling is necessary "and the reason the ruling is needed by the stated date." S.D. Fla. L.R. 7.1(d)(1)–(2). To the extent Petitioner seeks emergency or expedited relief,

CASE NO. 26-20860-CIV-CANNON

Second, Petitioner's allegations of unlawful detention [ECF No. 6 p. 2] fail to demonstrate a likelihood of success on the merits of Petitioner's claims or provide a basis for release from mandatory detention. *See Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Emergency Motions for Temporary Restraining Order [ECF No. 5], for Immediate Release [ECF No. 6], and to Expedite [ECF No. 7] are **DENIED**.

2. The Clerk is directed to **MAIL** a copy of this Order to Petitioner at the address listed below and enter a notice of compliance confirming the same.

**ORDERED** in Chambers at Fort Pierce, Florida, this 26th day of February 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: **Mario R. Pulido Gonzalez,** *pro se*
A# 042754155
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, Florida 33194

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov

---

he fails to indicate "the date by which" a ruling is necessary or why a ruling is needed by a specific date. S.D. Fla. L.R. 7.1(d)(1)–(2).

3